CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 10 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| ANNETTE MICHELLE McCARTHY, | Civil Action No. 7:10-cv-00300 |
| *Petitioner,* | |
| v. | MEMORANDUM OPINION |
| TAMMY BROWN, | |
| | By: James C. Turk |
| *Respondent.* | Senior United States District Judge |

Annette Michelle McCarthy ("McCarthy"), an inmate in custody pursuant to a Virginia state court judgment, brings this *pro se* petition for writ of habeas corpus pursuant to United States Code, Title 22, Section 2254. McCarthy asserts that her incarceration violates her 14th Amendment right to due process. Respondent filed a motion to dismiss to which McCarthy responded, making this matter ripe for disposition. Upon review of the parties' arguments and the case record, the Court finds that the Respondent's motion to dismiss must be **GRANTED**, and McCarthy's request for § 2254 relief must be **DENIED**.

**I. Background and Procedural History**

McCarthy was released from a Virginia state prison on parole on November 3, 2003. While released on parole, police arrested McCarthy for felonious entering a building with the intent to commit larceny, Va. Code Ann. § 18.2-91. She pled guilty on November 9, 2006, and the Virginia Circuit Court sentenced her to three years and eight months for the new offense on January 19, 2007.

Less than two weeks later, on February 2, 2007, McCarthy received a Certificate of Discharge from the Virginia Parole Board stating, in its entirety:

> Having been released on parole, this Board has, pursuant to Section 53.1-136, that final Discharge be entered effective November 03, 2006 and hereby issues this Certificate of Discharge.

(Dkt. 1, at 4.) Helen F. Fahey, Chairman of the Virginia Parole Board, signed the certificate.

Despite sending the certificate, the Virginia Parole Board conducted a parole revocation hearing on June 18, 2007, and revoked McCarthy's parole for violating the terms of her release by committing another crime. The parole revocation added five years, 11 months, and 29 days to her active sentence.

On April 11, 2008, McCarthy filed a petition for a writ of habeas corpus in the Rockingham County, Virginia Circuit Court asserting, *inter alia*, that the Parole Board had discharged her from parole supervision before the Board revoked her parole. The Circuit Court dismissed her petition on August 19, 2008 because her claims were not properly in habeas. (Dkt. 13, Ex. A).

On August 27, 2008, McCarthy filed a new petition for a writ of habeas corpus in the Supreme Court of Virginia alleging the same issues. On November 5, 2008, the Supreme Court issued an opinion denying McCarthy's petition on the ground that it violated Virginia's prohibition of successive habeas petitions. *McCarthy v. Warden*, No. 081781 (Va. Nov. 5, 2008); Va. Code Ann. § 8.01-654(B)(2).

On November 4, 2009, McCarthy petitioned this Court for a writ of habeas corpus alleging the same issues. The Court granted her request to voluntarily dismiss on March 29, 2010, and dismissed the case without prejudice. McCarthy filed the instant petition on June 30, 2010, again alleging the same issues.

**II. Analysis**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner must file a petition for a writ of habeas corpus in federal court within one year after her conviction becomes final. AEDPA, 28 U.S.C. § 2244(d)(1) (2008); 28 U.S.C. § 2254(d) (2008). However, this limitations period is tolled during the time a properly filed application for state post-conviction or other collateral review remains pending. 28 U.S.C. § 2244(d)(2).

McCarthy's cause of action accrued on the date that her parole revocation "became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* McCarthy did not directly appeal the Parole Board's decision to revoke her parole, and under the Virginia Parole Board's policy, she had 60 days from the revocation of her parole to do so. Va. Parole Bd, Admin. P. § 1.215. The Parole Board revoked McCarthy's parole on June 18, 2007, and the last day that she could directly appeal that decision was August 18, 2007. Therefore, she had one year from August 18, 2007—or until August 18, 2008—to file her federal habeas petition, not counting any time tolled by pending state appeals or habeas petitions. 28 U.S.C. § 2244(d)(2).

McCarthy urges that AEDPA's statute of limitations did not begin running until she exhausted all of her state court remedies. Under this interpretation, AEDPA's one year limitations period would have begun on November 5, 2008, when her state habeas petition was finally dismissed by the Supreme Court of Virginia. However, the limitation period for a state prisoner to file a federal habeas petition begins to run on the date on which the petitioner's conviction becomes final, *not* on the date on which the petitioner exhausts all of her state post-conviction remedies. *See Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001), *cert. denied*, 534 U.S. 1135.

The limitations period was tolled from April 11, 2008 through November 5, 2008 (six months, 25 days), while her habeas petitions were pending in the Virginia state courts.[1] Therefore, McCarthy had until March 15, 2009 to timely file her original § 2254 petition within AEDPA's limitations period. However, McCarthy did not file her § 2254 petition until November 4, 2009, nearly eight months after her cause of action became time barred.

The Supreme Court has recently recognized that the one-year statute of limitations on § 2254 petitions for federal habeas relief is sometimes subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). To equitably toll the limitations period, 1) a prisoner must have pursued his rights diligently and 2) an "extraordinary circumstance" prevented timely filing. *Id.* at 2562. However, there are no facts currently before the Court supporting equitable tolling in this case. McCarthy has neither alleged nor factually supported a basis for finding that an "extraordinary circumstance" prevented her from timely filing her petition.

Because McCarthy filed her petition outside the one-year limitations period prescribed by AEDPA and her claim is not subject to equitable tolling, the instant petition is time barred.

## IV. Conclusion

For the stated reasons, the Respondent's motion to dismiss (Dkt. No. 12) is **GRANTED** and McCarthy's 28 U.S.C. § 2254 petition (Dkt. No. 1) is **DISMISSED**. An appropriate order shall issue this day.

---

[1] Contrary to Respondent's assertion, McCarthy's federal claim was not only tolled during the time in which her state habeas claims were actually pending in the Circuit and Supreme Courts, but was also tolled during the intervening time between the dismissal of her Circuit Court habeas petition and the filing of her Supreme Court habeas petition. *See Taylor v. Lee*, 186 F. 3d 557, 560–61 (4th Cir. 1999) (rejecting the "gap theory" of tolling). In the Fourth Circuit, "under § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners." *Id.* at 561.

4

McCarthy is advised that she may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability pursuant to § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Based upon the Court's finding that McCarthy has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000). If McCarthy intends to appeal and seek a certificate of appealability from the Court of Appeals for the Fourth Circuit, her first step is to file a notice of appeal with this court within 60 days of the date of entry of the final order, or within such extended period as the court may grant pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to the Petitioner and counsel of record for the Respondent.

ENTER: This 9th day of December, 2010

**Senior United States District Judge**